24CA0482 Peo in Interest of MT 09-05-2024 COLORADO COURT OF APPEALS Court of Appeals No. 24CA0482 Adams County District Court No. 22JV153 Honorable Caryn A. Datz, Judge The People of the State of Colorado, Appellee, In the Interest of M.T., a Child, and Concerning T.T., Appellant. JUDGMENT AFFIRMED Division I Opinion by JUDGE SULLIVAN J. Jones and Lipinsky, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced September 5, 2024 Heidi Miller, County Attorney, Lisa Vigil, Assistant County Attorney, Westminster, Colorado, for Appellee Jenna Mazzucca, Guardian Ad Litem The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for Appellant 
1 ¶ 1 In this dependency and neglect proceeding, T.T. (mother) appeals the juvenile court’s judgment allocating parental responsibilities for M.T. (the child) to her maternal grandparents. We affirm. I. Background ¶ 2 In August 2022, the Adams County Department of Human Services filed a petition in dependency and neglect regarding the then-six-year-old child. The Department alleged concerns regarding mother’s mental health, noting that she had been placed on at least two mental health holds during the previous month. The Department was also concerned that the child was beyond mother’s control because the child had physically attacked mother repeatedly, run away in the middle of the night, and been placed on a mental health hold. ¶ 3 The juvenile court granted temporary custody of the child to her maternal grandparents. The court later adjudicated the child dependent or neglected, and it adopted a treatment plan for mother. ¶ 4 Although mother was engaged in treatment and attending family time at the beginning of the summer of 2023, by the late summer mother had stopped taking certain of her medications, her 
2 mental health had declined again, and she stopped engaging in services or attending family time. Around that time, the guardian ad litem moved for an allocation of parental responsibilities (APR) for the child to the grandparents. The court held a contested hearing, at which mother argued that it would be in the child’s best interests to be placed in foster care instead of allocating parental responsibilities to the grandparents. After considering the evidence and taking the matter under advisement, the court granted an APR for the child to the grandparents. II. Discussion ¶ 5 Mother’s sole contention on appeal is that the juvenile court applied the wrong legal standards. She argues that the juvenile court improperly made findings based on the factors in the Uniform Dissolution of Marriage Act (UDMA), § 14-10-124(1.5), C.R.S. 2024, while failing to properly make findings based on the factors in the Children’s Code, § 19-1-102, C.R.S. 2024. Mother also asserts that the court failed to make findings regarding the Department’s reasonable efforts to rehabilitate her and reunite her family. We disagree. 
3 A. Applicable Law and Standard of Review ¶ 6 When a juvenile court adjudicates a child dependent or neglected, the court is vested with “extensive and flexible dispositional remedies.” People in Interest of A.M.D., 648 P.2d 625, 639 (Colo. 1982); see § 19-3-508(1), C.R.S. 2024. These remedies include placing the child in the legal custody of a relative “under such conditions as the court deems necessary and appropriate.” § 19-3-508(1)(b). ¶ 7 When allocating parental responsibilities in a dependency and neglect proceeding, a juvenile court must consider the legislative purposes of the Children’s Code under section 19-1-102. People in Interest of A.S.L., 2022 COA 146, ¶ 12. The overriding purpose of the Children’s Code is to protect a child’s welfare and safety by providing procedures through which the child’s best interests can be served. People in Interest of J.G., 2021 COA 47, ¶ 19. Thus, while the Children’s Code doesn’t prescribe any specific factors a court must consider in making an APR decision in a dependency and neglect proceeding, a court must allocate parental responsibilities in accordance with the child’s best interests. See § 19-1-102; A.S.L., ¶ 12; see also People in Interest of L.B., 254 P.3d 
4 1203, 1208 (Colo. App. 2011). In doing so, a court may consider the UDMA best interest factors so long as the court doesn’t rely on them exclusively and its focus remains on the protection and safety of the child, not on the parents’ “custodial interests.” People in Interest of H.K.W., 2017 COA 70, ¶ 13; see also L.A.G. v. People in Interest of A.A.G., 912 P.2d 1385, 1390 (Colo. 1996). ¶ 8 Whether a juvenile court applied the correct legal standard in allocating parental responsibilities presents a question of law that we review de novo. In re Parental Responsibilities Concerning B.R.D., 2012 COA 63, ¶ 15. B. Analysis ¶ 9 We reject mother’s contention that the juvenile court was required to “apply the factors set [forth] in the Children’s Code and not the UDMA.” As stated above, the Children’s Code doesn’t prescribe any specific factors for allocating parental responsibilities, and a court may consider the UDMA factors in allocating parental responsibilities in a dependency and neglect case. See H.K.W., ¶ 13. ¶ 10 Here, the juvenile court’s judgment indicates that it applied the correct legal standards for allocating parental responsibilities in 
5 a dependency and neglect case. First, the court said that, in making its determination, it was guided by the purposes of the Children’s Code and was required to resolve the issues in a manner that furthered the child’s best interests. The court then noted that it was allowed to consider the UDMA factors, so long as it focused on the protection and safety of the child. The court went on to make extensive findings under each UDMA factor, and, in general, focused on the child’s best interests. The court found, for example, that “it would require a significant amount of therapeutic intervention for . . . mother to curate an appropriate parental relationship with [the child]”; the child felt “safe and supported by her grandparents”; the child had “improved with the structure and consistency of routine implemented by her grandparents”; “mother’s mental health remain[ed] unstable . . . without recognition of the needs of the child”; that “mother [had] not sufficiently progressed in her treatment plan to resolve the child protection concerns”; and mother remained unfit to parent. The court then found, by clear and convincing evidence, that an APR to the grandparents was in the child’s best interests. And the court allocated parenting time and decision-making authority based on “the totality of [its] 
6 findings” and “in view of the broad purposes of the Children’s Code and its primary purpose of securing a custodial setting that will further the safety and best interests of the child.” ¶ 11 We agree with mother’s contention that the Department was required to make reasonable efforts to rehabilitate her and reunite her family, but we disagree with her assertion that the court failed to make findings regarding the Department’s reasonable efforts. See A.S.L., ¶ 20 (a department’s obligation to provide reasonable efforts exists “even when the juvenile court, in lieu of terminating a parent's rights, enters an APR to a nonparent”). To the contrary, the court specifically found that the Department “made reasonable efforts by partnering with [mother’s service] providers, actively coordinat[ing] services, and obtaining releases of information for these providers.” The court also found that the Department made reasonable efforts by providing transportation assistance, active case management, repeated outreach, and in-person family time. ¶ 12 Notably, mother doesn’t challenge the sufficiency of the evidence or claim that the court’s findings were unsupported by the record. Thus, we needn’t address those issues. See Compos v. People, 2021 CO 19, ¶ 35 (noting that, under the party presentation 
7 principle, parties “are responsible for advancing the facts and arguments entitling them to relief”) (citation omitted). Accordingly, because the court applied the correct legal standards in granting an APR to the grandparents, we discern no basis for reversal. III. Disposition ¶ 13 We affirm the judgment. JUDGE J. JONES and JUDGE LIPINSKY concur.